## THE STATE OF KANSAS v. LEWIS WAHL.

NUISANCE—*Insufficient Complaint.* A complaint filed under § 319, of ch. 31, Comp. Laws of 1879, which charges the defendant with putting "the part of a carcass of any dead animal into any river, creek, pond, road, street, alley, lane, lot, field, meadow, or common," but which does not substantially allege that the act of the defendant complained of resulted to the injury of the health or to the annoyance of the citizens of the state or any of them, is insufficient, and a motion to quash such complaint should be sustained.

*Appeal from Dickinson District Court.*

PROSECUTION under § 319 of the crimes act. The defendant, *Lewis Wahl,* filed a motion to quash the complaint, which motion the court overruled at the May Term, 1886. This ruling the defendant brings here.

*J. R. Burton,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

JOHNSTON, J.: The appellant was charged and convicted before a justice of the peace of a violation of § 319, ch. 31, Comp. Laws of 1879. He appealed to the district court, and was there tried upon the original complaint. A motion to quash the complaint was made by the appellant, and over-ruled, and this ruling is the one complained of here. The language of the complaint, omitting the caption and verification, is as follows:

"Alfred W. Rice, of lawful age, being first duly sworn, on oath says, that on the 1st day of December, 1885, in the county of Dickinson and state of Kansas, one Lewis Wahl, then and there being, did then and there unlawfully put a part of the carcass of a dead animal into a certain stream of water then and there commonly known as Mud creek; contrary to the form of the statute in such cases made and provided."

It is contended that as the affidavit failed to state that the act charged against the appellant resulted to the injury of the health or annoyance of the citizens of the state, it did not state a public offense. The language of the section upon which the affidavit was founded is as follows:

" If any person or persons shall put any part of the carcass of any dead animal into any river, creek, pond, road, street, alley, lane, lot, field, meadow, or common; or if the owner or owners thereof shall knowingly permit the same to remain in any of the aforesaid places, to the injury of the health or to the annoyance of the citizens of this state, or any of them, every person so offending shall, on conviction thereof before any justice of the peace of the county, be fined in any sum not less than one dollar nor more than twenty-five dollars; and every twenty-four hours during which said owner may permit the same to remain thereafter, shall be deemed an additional offense against the provisions of this act." (Comp. Laws of 1879, ch. 31, § 319.)

For the state it is claimed that the first clause of the section states an offense, and that the subsequent phrase "to the injury of the health, or to the annoyance of the people of the state," has no reference to that clause, and does not qualify it. The

39—35 KAS.

section is somewhat bunglingly drawn, and some room is given for the interpretation placed upon it. According to that view, however, any person placing the smallest part of the carcass of any dead animal in his own field containing hundreds of acres, and where the public could not in the least be affected by it, and who allowed it to remain there but a few minutes, would commit a crime. We cannot infer that the legislature intended an absurdity. Many acts of putting a diminutive portion of some carcass into an alley, lot, field, road, or common, can be thought of, which would not, in their nature or consequence, affect the public in the slightest degree. Unless the act produces a material annoyance, discomfort or injury to the public, it would not amount to a public nuisance. The whole purpose of the act in which the section is found is manifestly to define what acts and omissions shall constitute a public nuisance, and to provide penalties therefor. In construing the statute, the real intent and meaning of the law-makers should prevail over the literal sense, where there is any inconsistency. We cannot say that a mere point of punctuation shall defeat the legislative will, where the title and the context of the act so clearly disclose that the purpose is to prevent and punish public nuisances. Reading the section in that light, and with a view to effectuate that purpose, the phrase, "to the injury of the health, or to the annoyance of the citizens of this state," must be held to be a qualification of the first clause. If, therefore, any person shall put any part of the carcass of any dead animal into any river, creek, pond, street, alley, lane, lot, field, meadow, or common, to the injury of the health or to the annoyance of the citizens of this state, or any of them, or if the owner of such carcass shall knowingly permit the same to remain in any of the aforesaid places, to the injury or to the annoyance of the citizens of this state, or any of them, he would be guilty of a public offense, and subject to the penalties prescribed in the section; but there is no criminal liability for a nuisance where there is no such result. As the complaint failed to allege that the act of the appellant complained of resulted to the injury of the health,

or to the annoyance of any of the citizens of this state, it is insufficient, and the motion to quash should have been sustained.

The judgment of the district court must therefore be reversed, and the cause remanded with directions to sustain the appellant's motion.

All the Justices concurring.